DICKINSON, PRESIDING JUSTICE,
SPECIALLY CONCURRING:
¶25. A commercial advertisement may be false or—as in the case before us— truthful. A factfinder may find a truthful advertisement to be actually misleading where it actually has misled one or more members of the public. The factfinder may find the same advertisement to be potentially misleading where no person actually claims to have been misled.
¶26. For reasons unexplained by the United States Supreme Court, the First Amendment provides protection for truthful advertisements that are potentially misleading, but no protection where a single, random person—whether reasonably or not—claims to have been misled.[11] In other words, the Supreme Court has concluded that identical speech in identical contexts receives varying degrees of protection from the First Amendment based solely upon a single random individual’s subjective confusion.
¶27. In 1982, the Supreme Court held that “[tjruthful advertising related to lawful activities is entitled to the protections of the First Amendment,” and “States may not place an absolute prohibition on certain types of potentially misleading information, e.g., a listing of areas of practice, if the information also may be presented in a way that is not deceptive.”[12]
¶ 28. When the Legislature enacted Mississippi Code Section 73-6-25, it did what the United States Supreme Court has said it cannot do. Regardless of truth, legality, disclaimers, or whether anyone actually has been misled, Section 73-6-25 imposes an absolute prohibition against chiropractors using any professional designation other than those listed in the statute.[13] Thus, the Legislature has crafted a statute lacking adequate consideration for the First Amendment concerns it creates.
¶ 29. According to In Re R.M.J. a statute may not ban truthful advertisements which have not misled anyone, nor may it ban truthful advertisements with appropriate disclaimers. But here, Section 73-6-25 survives by the skin of its teeth. Dr. Barlow’s advertising related to a lawful activity—operating a chiropractic practice—and nothing suggests he lacked the expertise he claimed, or that he does not possess the *234 professional designation in his advertisement: “Chiropractic Neurologist.” In fact, the Board’s own investigator testified that Dr. Barlow’s “chiropractic neurology degree” required him to take an additional 1,600 hours of continuing education above that required of a Doctor of Chiropractic, and that a person with “a chiropractic neurology degree would have—you would have a much better understanding of neurological issues that may be going in the body and be able to recognize other issues.” And Dr. Barlow provided uncontra-dicted testimony that his area of expertise included chiropractic neurology. So. the question is whether Dr. Barlow’s “[truthful advertising related to lawful activities is entitled to the protections of the First Amendment,”[14] preventing the State from placing an absolute ban on it.
¶ 30. One would think so. But, for reasons unapparent and seemingly inexplicable, the United States Supreme Court has held that while “States may not place an absolute prohibition on certain types of potentially misleading information,”[15] they may place an absolute prohibition on the exact same truthful commercial speech related to a lawful activity if it has actually misled or confused some customer or patient.[16]
¶ 31, Here, the Board heard testimony from a single patient that Dr. Barlow’s advertisement had confused her. For that reason, and that reason alone, Section 73-6-25 is not unconstitutional as' applied in this case. In other woi'ds, but for one individual’s subjective—and arguably unreasonable—confusion, this statute as- applied in this case would violate the First Amendment because it does not allow for appropriate disclaimers to truthful advertisements that potentially are misleading.
COLEMAN, J., JOINS THIS OPINION.

.In re R.M.J., 455 U.S. 191, 203, 102 S.Ct. 929, 937, 71 L.Ed.2d 64 (1982) ("Misleading advertising may be prohibited entirely. But the States may not place an absolute prohibition on certain types of potentially misleading information.”); see also Peel v. Attorney Registration and Disciplinary Comm'n of Ill., 496 U.S. 91, 100-01, 110 S.Ct. 2281, 2288, 110 L.Ed.2d 83 (1990) ("The facts stated on petitioner’s letterhead are true and verifiable. It is undisputed that NBTA has certified petitioner as a civil trial specialist and that three States have licensed him to practice law. There is no contention that any potential client or person was actually misled or deceived by petitioner’s stationery.”).

. In re R.M.J., 455 U.S. at 203, 102 S.Ct. 929 (emphasis added).

. Miss. Code Ann. § 73—6—25(l)(a) (Rev. 2012) ("The members of the chiropractic profession, licensed or unlicensed, are hereby prohibited from: (a) Making ... use of any other professional designation other than the term 'chiropractor,' 'doctor of chiropractic,’ 'D.C.' or 'chiropractic physician.’”) (emphasis added).

. In re R.M.J., 455 U.S. at 203, 102 S.Ct. 929.

. Id.

. Id. (“Misleading advertising may be pro- ' hibited entirely. But the States may not place an absolute prohibition on certain types of potentially misleading information.’’); see also Peel, 496 U.S. at 100-01, 110 S.Ct. 2281 ("The facts stated on petitioner's letterhead are true and verifiable. It is undisputed that NBTA has certified petitioner as a civil trial specialist and that three States have licensed him to practice law. There is no contention that any potential client or person was actually misled or deceived by -petitioner’s stationery.”).